**United States District Court**
For the Northern District of California

*E-Filed 6/18/12*

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12   JOSELUIS MORALES,                          No. C 12-0981 RS (PR)

13              Petitioner,                      **ORDER REOPENING ACTION;**

14        v.                                     **ORDER GRANTING MOTION TO
                                                 PROCEED IN FORMA PAUPERIS;**
15   G.D. LEWIS, Warden,
                                                 **ORDER TO SHOW CAUSE**
16              Respondent.
                                         /
17

18

19                             **INTRODUCTION**

20        This federal habeas corpus action was dismissed without prejudice because petitioner

21   failed to pay the filing fee of $5.00, or file a complete application to proceed *in forma*

22   *pauperis* ("IFP"), by the deadline.  Petitioner has filed a complete IFP application (Docket

23   No. 9) and a motion for reconsideration (Docket No. 8), which the Court construes as a

24   motion to reopen the action.  Both motions are GRANTED.  The action is hereby

25   REOPENED.  Accordingly, the judgment (Docket No. 5) and the order of dismissal (Docket

26   No. 4) are VACATED.  Petitioner may proceed IFP.  The petition is now before the Court

27   for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254

28

**United States District Court**
For the Northern District of California

1 Cases.

## BACKGROUND

3  Petitioner is an inmate at Pelican Bay State Prison serving a sentence of 29 years-to-life. According to petitioner, an amendment to California Penal Code § 2933.6 changed the calculation of conduct credits, thereby delaying his release date.

## DISCUSSION

7  This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

16  As grounds for federal habeas relief, petitioner claims that the application of California Penal Code § 2933.6 to him violates his (1) ex post facto, (2) equal protection, and (3) double jeopardy rights. Liberally construed, these claims appear to be cognizable on federal habeas review.

## CONCLUSION

21  1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

24  2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer

**United States District Court**
For the Northern District of California

1    and serve on petitioner a copy of all portions of the state trial record that previously have

2    been transcribed and that are relevant to a determination of the issues presented by the

3    petition.

4        3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse

5    with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

6    answer is filed.

7        4.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

8    order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

9    Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

10   such a motion, petitioner shall file with the Court and serve on respondent an opposition or

11   statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

12   respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

13   the date any opposition is filed.

14       5.  Petitioner is reminded that all communications with the Court must be served on

15   respondent by mailing a true copy of the document to respondent's counsel.

16       6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

17   Court and respondent informed of any change of address and must comply with the Court's

18   orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

19   failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20       7.  Upon a showing of good cause, requests for a reasonable extension of time will be

21   granted provided they are filed on or before the deadline they seek to extend.

22       8. The Clerk shall reopen the action and terminate Docket Nos. 8 and 9.

23     **IT IS SO ORDERED**.

24   DATED:  June 18, 2012

                                     RICHARD SEEBORG

25                             United States District Judge

26

27

28