UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELUIS MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON,<br><br>    Respondent. | Case No. 12-cv-00981-WHO (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Joseluis Morales, a California state prisoner proceeding pro se, has been validated as an associate of the Mexican Mafia prison gang. He seeks federal habeas relief because the application of California Penal Code § 2933.6, as amended in 2010, will require him to stay in prison longer than he anticipated when he was convicted of first degree murder in 1999. He contends that this violates his (1) ex post facto, (2) equal protection, and (3) double jeopardy rights. None of these claims has merit and, for the reasons set forth below, his petition for federal habeas relief is DENIED.

## BACKGROUND

In 1999, Morales was convicted in state court of first degree murder and received a sentence of 29 years-to-life. In 2010, amendments to California Penal Code § 2933.6 rendered certain prison gang members and associates, such as Morales, ineligible for

various time credits.  Before the 2010 amendment, "it was apparently possible for validated prison gang members placed in an [administrative segregation unit] to earn conduct credits totaling one-third of their sentences."  *In re Efstathiou*, 200 Cal. App. 4th 725, 728 (Cal. Ct. App. 2011).

In 2011, his jailors at Pelican Bay State Prison validated Morales as an associate of the Mexican Mafia prison-gang.  He was then placed in the Secured Housing Unit for an indeterminate term.  (Ans. ¶¶ 1–3.)

Morales's state court challenge to section 2933.6 was unsuccessful.[1]  This federal habeas petition followed.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

---

[1] His sole state habeas petition was filed in the California Supreme Court, which summarily denied it.  (Ans., Ex. 2.)

1  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

When presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state-court decision is objectively reasonable. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This "[i]ndependent review . . . is not *de novo* review of the constitutional issue, but rather, the only method by which [a federal court] can determine whether a silent state court decision is objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

## DISCUSSION

### I.  Ex Post Facto

Morales claims that the application of section 2933.6 to him violates the Ex Post Facto Clause. "To fall within the ex post facto prohibition, a law must be retrospective — that is, 'it must apply to events occurring before its enactment' — and it 'must disadvantage the offender affected by it,' . . . by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citations omitted).

Morales's ex post facto claim fails for two reasons. First, section 2933.6 is not retrospective. It became law in 2010, a year before Morales was validated as a gang member. The conduct in this case is Morales's gang affiliation, validated in 2011 after enactment of the law. It applies only to conduct occurring after the law's enactment date and after his validation date.

Second, the claim is foreclosed by a recent federal appellate court decision, *Nevarez v. Barnes*, 749 F.3d 1124 (9th Cir. 2014). The Ninth Circuit, sitting in federal habeas review, explicitly rejected an ex post facto challenge to section 2933.6. *Id.* at 1128. The state court's rejection of this claim was reasonable and is entitled to AEDPA deference. Accordingly, this claim is DENIED.

## II.     Equal Protection

Morales claims that the application of section 2933.6 to his sentence violates his right to equal protection. He asserts that he is being treated differently than other inmates, who earn credit based on conduct, whereas he earns credits based on his classification status (as a gang member).

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Bell v. Wolfish*, 441 U.S. 520, 545–546 (1979). An equal protection violation typically involves state action that discriminates against members of a suspect class. State action which does not implicate a fundamental right or suspect classification withstands scrutiny under the Equal Protection Clause so long as it bears a rational relation to a legitimate state interest. *See City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

The Equal Protection Clause protects similarly situated classes from suffering disparate treatment. Morales has not shown that he is being treated differently from similarly situated persons. Prisoners who are validated gang members are not similarly situated to prisoners who are not validated. Also, any separation between the two groups

4

1  is not based on race, religion or other suspect classification.  Additionally, section 2933.6

2  applies equally to all state inmates who have been validated as members or associates of

3  prison gangs.

4        Furthermore, even if Morales had shown disparate treatment, the state has a

5  legitimate, rational interest in distinguishing between gang-member inmates and non-gang-

6  member inmates when granting custody credits.  "Gangs . . . present a serious threat to the

7  safety and security of California prisons." *In re Sampson*, 197 Cal. App. 4th 1234, 1242

8  (Cal. Ct. App. 2011) (upholding section 2933.6 against an ex post facto challenge).

9  Security and safety concerns, and deterring inmates from joining gangs constitute

10  legitimate state interests.

11        The state court's rejection of this claim was reasonable is entitled to AEDPA

12  deference.  Habeas relief is not warranted and the claim is DENIED.

### III. Double Jeopardy

14        Morales claims that the application of section 2933.6 to him violates the Double

15  Jeopardy Clause because it doubled the amount of credits he lost.[2]  He alleges that his

16  jailors used the new law to double the credits he lost (421 days) before validation, and cites

17  as proof a Pelican Bay Institutional Classification Committee document.  (Pet., Ex. A at 1.)

18        The record does not support the claim.   The document to which Morales refers

19  does not show that his lost credits were doubled.  Rather, it states Morales's credits will be

20  assessed differently from the date of his validation forward.  The application of section

21  2933.6 did not take away already earned good credits, nor did it increase the amount of

22  credits lost prior to validation.  In no way, then, has Morales shown a violation of the

23  Double Jeopardy Clause, which protects against a second prosecution for the same offense

24  after acquittal or conviction, or multiple punishments for the same offense.  *See Witte v.*

25  *United States*, 515 U.S. 389, 395–96 (1995).  Furthermore, there is no clearly established

---

[2] It appears that this mistaken belief arises from Morales's misunderstanding why his minimum parole eligibility date changed. (Ans. ¶ 17; Pet., Ex. A at 7.)  This estimated date was changed to account for the credits Morales will not earn from the time of validation.  (*Id.*)

5

Supreme Court precedent applying the Double Jeopardy Clause to the loss of prison time credits.

Since there is no support for Morales's claim, habeas relief is not warranted. The state court's rejection of it was reasonable and is entitled to AEDPA deference. The claim is DENIED.

## CONCLUSION

The state court's adjudication of Morales's claims did not result in a decision that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Morales may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk shall amend the docket to reflect that Connie Gipson, the Acting Warden of Pelican Bay, is now the proper respondent in this action. Fed. R. Civ. P. 25(d). The Clerk shall also amend the docket to show the correct spelling of Morales's first name ("Joseluis").

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** September 2, 2014

WILLIAM H. ORRICK
United States District Judge