1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                  NORTHERN DISTRICT OF CALIFORNIA

10

11    JOSELUIS MORALES,                          Case No.  12-cv-00981-WHO (PR)
                          Plaintiff,
12
                                                 **ORDER DENYING MOTION TO**
13          v.                                   **ALTER OR AMEND THE**
                                                 **JUDGMENT**
14    CONNIE GIPSON,
                          Defendant.             Dkt. No. 28
15

16

17                                         **INTRODUCTION**

18          Petitioner Joseluis Morales's motion to alter or amend the judgment is denied

19    because Ninth Circuit precedent forecloses his habeas claims.

20                                         **BACKGROUND**

21          This is a closed federal habeas corpus action.  Morales challenged the

22    constitutionality of California Penal Code section 2933.6 because it rendered him, as a

23    validated associate of a prison gang, ineligible for various time credits.  His equal

24    protection claim was foreclosed by *Nevarez v. Barnes*, 749 F.3d 1124 (9th Cir. 2014),

25    where the Ninth Circuit, sitting in federal habeas review, explicitly rejected an ex post

26    facto challenge to section 2933.6.  *Id.* at 1128.    I denied his habeas petition, which

27    asserted ex post facto, equal protection, and double jeopardy claims, declined to issue a

28    certificate of appealability, and entered judgment in favor of respondent on September 2,

United States District Court
Northern District of California

1    2014.  Morales then timely filed his motion under Federal Rule of Civil Procedure 59(e).

2    (Docket No. 28.)

3                                      **STANDARD OF REVIEW**

4         Where, as here, the Court's ruling has resulted in a final judgment or order, a

5    motion for reconsideration may be based on Rule 59(e) of the Federal Rules of Civil

6    Procedure.  "Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the

7    district court is presented with newly discovered evidence, (2) the district court committed

8    clear error or made an initial decision that was manifestly unjust, or (3) there is an

9    intervening change in controlling law.'"  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*,

10   555 F.3d 772, 779 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734,

11   740 (9th Cir. 2001)).

12                                        **DISCUSSION**

13        Morales asserts that the judgment should be altered or amended, and a certificate of

14   appealability issued, because my decision conflicts with Ninth Circuit precedent, I

15   erroneously rejected his equal protection claim, and the state supreme court's denial of my

16   petition was "not on the merits."  (Pet.'s Mot. to Alter or Amend ("MAA") at 2-5.)  None

17   of these contentions shows that there is newly discovered evidence, or that I committed

18   clear error or made an unjust decision, or that there was an intervening change in

19   controlling law.

20   **I.     Ninth Circuit Precedent**

21        I rejected Morales's claims because they were foreclosed by *Nevarez*.   Morales

22   claims that *Nevarez* is in conflict with an older Ninth Circuit decision, *Himes v. Thompson*,

23   336 F.3d 848 (9th Cir. 2003).  He contends that the "*Nevarez* court did not analyze the

24   claim in the same manner [as] . . . the *Himes* court, causing here a disagreement that

25   requires [a certificate of appealability] for the Ninth Circuit to clarify both of these cases."

26   (MAA at 2.)  He alleges that neither the Ninth Circuit nor this Court considered that the

27   statute applied retroactively.  (*Id.*)

28        Morales's contentions lack merit.  First, *Himes* is not on point.  It addressed an

United States District Court
Northern District of California

2

1   Oregon statute relating to parole. *Nevarez* addresses the same California statute relating to

2   the acquisition of time credits that Morales challenges. I must follow *Nevarez* because it is

3   squarely on point.

4          Second, I previously considered the issue of retroactivity when I addressed

5   Morales's ex post facto claim. By their very nature, ex post facto claims relate to the

6   retroactive application of laws.

7   **II.      Ruling on Equal Protection**

8          Morales's equal protection contentions simply repeat the issues raised in his

9   petition. (MAA at 3-4.) I considered and rejected these arguments in the Order Denying

10  Petition for Writ of Habeas Corpus. Morales has not shown any reason that I should alter

11  my decision.

12  **III.     State Court Decisions**

13         Morales contends that the state supreme court's summary denial of his habeas

14  petition was not on the merits. (MAA at 4-5.) I assume that Morales is arguing that the

15  deferential AEDPA standard does not apply and I should conduct a de novo review of his

16  claims.

17         A federal court must presume that a state court decision ruled on the merits of all

18  the claims in the petition, even if the decision does not expressly say so. *Johnson v.*

19  *Williams*, 133 S. Ct. 1088, 1096 (2013). While this presumption is rebuttable, Morales has

20  not rebutted the presumption. He cites California cases that are older than *Williams*. I am

21  bound to follow the United States Supreme Court's latest word on this matter rather than

22  older California state cases.

23                                    **CONCLUSION**

24         Morales's motion to amend or alter the judgment (Docket No. 28) is DENIED.

25         A certificate of appealability will not issue. Morales has not shown "that jurists of

26  reason would find it debatable whether the petition states a valid claim of the denial of a

27  constitutional right and that jurists of reason would find it debatable whether the district

28  court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

United States District Court
Northern District of California

1

2          The Clerk shall terminate Docket No. 28.

3          **IT IS SO ORDERED.**

4    **Dated:**  April 23, 2015

5                                                        _____
                                                         WILLIAM H. ORRICK
6                                                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28